**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK), | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | Case No. 16 C 2145 |
| | ) | |
| v. | ) | |
| | ) | |
| 1600 WESTERN VENTURE, LLC, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST EVE, District Court Judge:

On February 6, 2017, Plaintiff Great Lakes Reinsurance ("Great Lakes") filed a four-count Second Amended Complaint for Declaratory Judgment against Defendant 1600 Western Venture, LLC ("Western Venture") in relation to the parties' insurance coverage dispute pursuant to the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). On February 16, 2017, Western Venture filed its Second Amended Answer, Defenses, and Counterclaim, which includes the insurance dispute claims, a breach of contract claim, and a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*. Before the Court is Great Lakes' motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(a). For the following reasons, the Court grants Great Lakes' summary judgment motion and dismisses this lawsuit in its entirety.

**BACKGROUND**

Great Lakes is a wholly-owned corporate subsidiary of Munich Re, which is organized and exists under the laws of Germany with its principal place of business in Munich, Germany.

(R. 50, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.)[1] During the relevant time period, Great Lakes was an excess and surplus line insurance carrier that issued a property insurance policy to Western Venture. (*Id.* ¶ 2.) Western Venture is a limited liability company organized and existing under the laws of the State of Illinois with its primary place of business located at 2443 W. 16th Street in Chicago, Illinois. (*Id.* ¶ 3.) At all times pertinent to this action, Western Venture owned two structures located at 2443 W. 16th Street and 2444 W. 16th Street in Chicago, Illinois ("Insured Premises"). (*Id.* ¶ 4.)

Great Lakes issued a property insurance policy to Western Venture, as a member of Commercial Industrial Building Owner's Alliance ("CIBA"), bearing Policy Number B066479244A12 (the "Policy"). (*Id.* ¶ 12.) From December 5, 2010 through the present, Western Venture was and is a named insured under the Policy. (*Id.* ¶ 13.) Although Western Venture's agents, employees, and maintenance personnel had unfettered access to the roofs of the Insured Premises, sometime in May 2015, Western Venture discovered that there was hail and wind damage on the roofs of the Insured Premises. (*Id.* ¶¶ 14-16.) On July 23, 2015, Western Venture reported the existence of hail damage at the Insured Premises to Great Lakes initiating Claim No. IP12-157 for the 2444 W. 16th Street structure ("2444 Claim") and Claim No. IP12-158 for the 2443 W. 16th Street structure ("2443 Claim"). (*Id.* ¶¶ 17-19.)

On September 18, 2015, Great Lakes issued a reservation of rights letter with respect to the 2444 Claim, and on, September 25, 2015, Great Lakes issued a reservation of rights letter

---

[1] In multiple instances, Western Venture responds to Great Lakes' Rule 56.1 Statements stating that it is "without knowledge or information sufficient to form a belief as to the truth of the allegations," which the Court deems as an admission – not a denial – of Great Lakes' facts. *See Karazanos v. Madison Two Assocs.*, 147 F.3d 624, 626 (7th Cir. 1998); *McGuire v. United Parcel Serv.,* 152 F.3d 673, 674–75 (7th Cir. 1998).

with respect to the 2443 Claim. (*Id*. ¶¶ 23-28.) On October 8, 2015, Great Lakes issued supplemental reservation of rights letters with respect to both the 2443 and 2444 Claims. (*Id*. ¶¶ 29-34). These letters explained Great Lakes' reservation of rights in relation to the conditions, limitations, or exclusions of the Policy, as well as defenses available to Great Lakes. (*Id*. ¶¶ 23-34.) On October 13, 2015, Western Venture, through Brian Flisk – Western Venture's manager and agent – tendered Great Lakes its omnibus Sworn Statement in Proof of Loss for both the 2444 Claim and the 2443 Claim. (*Id*. ¶ 35.) It is undisputed that the date of loss for these claims was August 30, 2013. (*Id*. ¶ 36.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted). "To survive summary judgment, the nonmoving party must show evidence sufficient to establish every element that is

3

essential to its claim and for which it will bear the burden of proof at trial." *Diedrich v. Ocwen Loan Servicing, LLC*, 839 F.3d 583, 591 (7th Cir. 2016) (citations omitted).

## ANALYSIS

### I. Insurance Coverage Claims and Counterclaims[2]

In its summary judgment motion, Great Lakes contends that Western Venture's insurance coverage claims are barred by the twelve month suit limitation provision contained in the Policy based on the undisputed evidence that the sworn date of loss for both the 2444 and 2443 Claims was August 30, 2013, and that Western Venture failed to file a lawsuit by August 30, 2014. Great Lakes specifically relies upon the following provision of the Policy:

> **SUIT AGAINST COMPANY**
> No suit, action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the Named Insured shall have fully complied with all the requirements of this policy, nor unless the same be commenced within twelve (12) months next after inception of the loss provided, however, that if under the laws of the jurisdiction in which the property is located such limitation is invalid, then any such claims shall be void unless such action, suit or proceedings be commenced within the shortest limit of time permitted by the laws of such jurisdiction.

(Pl.'s Stmt. Facts ¶ 40.)

"Illinois law recognizes limitation periods as valid contractual provisions in insurance contracts." *Country Preferred Ins. Co. v. Whitehead,* 71 N.E.3d 338, 341 (3d Dist. 2016). "Compliance with the suit limitation provision of the policy is a condition precedent to recovery under a policy." *Cramer v. Ins. Exch. Agency,* 174 Ill. 2d 513, 529 (Ill. 1996). Although Illinois law recognizes suit limitation periods as valid contractual provisions in insurance contracts, there

---

[2] The parties do not dispute that Illinois law governs this lawsuit. *See Auto–Owners Ins. Co., v. Webslov Computing, Inc.,* 580 F.3d 543, 547 (7th Cir. 2009) ("Courts do not worry about conflicts of laws unless the parties disagree on which state's law applies.").

4

are restrictions on such limitations provisions, including waiver, estoppel, and statutory provisions, such as Section 143.1 of the Illinois Insurance Code. *See Burress-Taylor v. Am. Sec. Ins. Co.*, 980 N.E.2d 679, 686 (1st Dist. 2012); *American Access Cas. Co. v. Tutson,* 409 Ill. App. 3d 233, 236 (1st Dist. 2011); *Mathis v. Lumbermen's Mut. Cas. Ins. Co.,* 354 Ill. App. 3d 854, 858 (5th Dist. 2004).

**A.     Waiver**

Relying on a Seventh Circuit case applying Wisconsin insurance law, Western Venture first argues that Great Lakes waived the suit limitations period because Great Lakes did not provide Western Venture with a complete copy of the Policy or other documentation of its terms. *See Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805 (7th Cir. 2012). As the *Miller* decision explained, "Wisconsin law provides that" if "an insurer does 'not provide the insured with a copy of the policy or some other documentation of its terms,' the 'insurer may not deny coverage based on an exclusion in the policy.'" *Id.* at 811 (quoting *Kozlik v. Gulf Ins. Co.,* 268 Wis.2d 491, 500 (Wis. Ct. App. 2003)).

Such is not the law in Illinois. Rather, under Illinois law, it is well-established that insureds "bear the burden of knowing the contents of their insurance polices," and that "[e]ven if they do not read the policy, they are deemed to know the information the policy contains." *Babiarz v. Stearns*, 57 N.E.3d 639, 653 (1st Dist. 2016) ("We do not excuse the burden of knowing the contents of an insurance policy where there are no allegations that it was ambiguous."); *see also Garrick v. Mesirow Fin. Holdings, Inc.*, 994 N.E.2d 986, 994 (1st Dist. 2013) ("Illinois law places a burden on the insured to know its needs for coverage and the contents of its insurance policies."). In other words, the "insured cannot blame the insurance

5

company for its failure to read the policy to discover the requirements for bringing suit. It is not the duty of the insurer to inform the insured of his duties." *Foamcraft, Inc. v. First State Ins. Co.,* 238 Ill. App. 3d 791, 793-94 (1st Dist. 1992). Western Venture's reliance on a 1979 Illinois Appellate Court case does not save the day because in that lawsuit, the insurer refused to deliver the insurance policy after the insured requested a copy. *See Salloum Foods & Liquor, Inc. v. Parliament Ins. Co.,* 69 Ill. App. 3d 422, 431 (1st Dist. 1979). Here, there is no evidence in the record that after Western Venture requested a copy of the Policy, Great Lakes refused to supply it. *See, e.g., Old Republic Ins. Co. v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* No. 03 C 5238, 2006 WL 88666, at *10-11 (N.D. Ill. Jan. 11, 2006). Construing the facts and all reasonable inferences in Western Venture's favor, it has not established its waiver defense.

### B. Estoppel

Next, Western Venture argues that Great Lakes is estopped from enforcing the suit limitation provision based on Great Lakes' conduct. More specifically, under Illinois law, estoppel is based upon an insurer's conduct that misleads the insured to his detriment. *See Burress-Taylor,* 980 N.E.2d at 686; *Mathis,* 354 Ill. App. 3d at 858. "Cases in which an insurer's conduct is found to amount to estoppel typically involve a concession of liability by the insurer, advance payments by the insurer to the plaintiff in contemplation of eventual settlement, and statements by the insurer which encourage the plaintiff to delay filing his action." *Foamcraft, Inc.,* 238 Ill.App.3d at 795. Put differently, "[a]n insurer will be estopped from raising a limitations defense where its actions during negotiations are such as to lull the insured into a false sense of security, thereby causing him to delay the assertion of his rights." *Mitchell v. State Farm Fire & Cas. Co.*, 343 Ill. App. 3d 281, 285-86 (4th Dist. 2003) (citation omitted).

Here, Western Venture does not point to any evidence in the record raising a reasonable inference that Great Lakes lulled it into a false sense of security and encouraged it to delay filing a lawsuit. Instead, Western Venture relies on Brian Flisk's affidavit in which he avers that the "claims were not taken seriously by Great Lakes because Great Lakes intended, prior to [the] inspection date, to assert the suits limitations clause." (R. 55-1, Flisk Aff. ¶ 26.) In the context of Flisk's affidavit, it is unclear how Flisk has personal knowledge that Great Lakes did not take its claims seriously and intended to assert the limitations clause prior to the inspection. *See Jackson v. City of Peoria, Ill.,* 825 F.3d 328, 330 (7th Cir. 2016) ("affidavits must be based on personal knowledge"); *see also Yancick v. Hanna Steel Corp.,* 653 F.3d 532, 548 (7th Cir. 2011) (subjective beliefs do not create genuine issues of material fact for trial). That being said, Flisk's averment, along with Western Venture's unsubstantiated arguments that Great Lakes "misled" Western Venture are speculative, and "inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Herzog v. Graphic Pack-aging Int'l, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014). In fact, at his deposition, Flisk testified that he did not remember any statements from Great Lakes that misled him and that no one ever told him that he did not need to file a lawsuit within a year. (R. 50-3, 12/15/16 Dep., at 159.) As such, viewing the evidence and all reasonable inferences in Western Venture's favor, Western Venture has not established its estoppel defense.

### C. Section 143.1 of the Illinois Insurance Code

Another limitation to contractual suit limitation provisions is set forth in the Illinois Insurance Code, 215 ILCS 5/143.1. Section 143.1 of the Insurance Code provides:

> Whenever any policy or contract for insurance ... contains a provision limiting the period within which the insured may bring suit, the running of such period is

7

> tolled from the date proof of loss is filed, in whatever form is required by the policy, until the date the claim is denied in whole or in part.

215 ILCS 5/143.1 "The purpose of the provision is to prevent insurance companies from sitting on claims, allowing the limitations period to run and depriving insureds of their opportunity to litigate their claims in court." *Country Preferred Ins. Co. v. Whitehead,* 71 N.E.3d 338, 341 (3d Dist. 2016). Relevant to the present analysis, "[a]n insured's completion of a sworn proof of loss begins tolling under section 143.1 of the Insurance Code." *Id.*

Assuming, *arguendo*, that Section 143.1 of the Insurance Code applies to Great Lakes, it is undisputed that Western Venture's completion of the sworn proof of loss – which begins the tolling of the statutory twelve month period under Section 143.1 – was October 13, 2015. Further, as discussed above, because the sworn date of loss was August 30, 2013, Western Venture had until August 30, 2014 to file a lawsuit. Western Venture did not file a lawsuit, but rather Great Lakes filed the present Declaratory Judgment action on February 11, 2016. Thus, not only was the sworn loss of proof filed after the suit limitations provision period ended, the Section 143.1 tolling period was only 121 days and Western Venture needed well over a year of tolling. Therefore, Section 143.1 of the Illinois Insurance Code fails to provide sufficient tolling under the undisputed facts.

Because Western Venture's insurance coverage claims are untimely, the Court grants Great Lakes' summary judgment as to all counts in its Second Amended Complaint for Declaratory Judgment and all insurance coverage claims alleged in Western Venture's Second Amended Counterclaim. The Court also notes that Western Venture's attempt to seek recovery for a new loss occurring in July 2011 is unavailing because Western Venture never submitted a

claim for damage besides the August 30, 2013 date of loss. (Pl.'s Stmt. Facts ¶¶ 37-39.) The Court now turns to Western Venture's remaining claims in its Second Amended Counterclaim.

## II.     Breach of Contract Counterclaim

In Count V of the Second Amended Counterclaim, Western Venture alleges a breach of contract claim. Under Illinois law, a breach of contract claim has four elements: (1) the existence of a valid and enforceable contract; (2) plaintiff's substantial performance; (3) defendant's breach of contract; and (4) resultant damages. *See Dual-Temp of Ill., Inc. v. Hench Control*, *Inc.,* 821 F.3d 866, 869 (7th Cir. 2016); *Hess v. Bresney,* 784 F.3d 1154, 1158-59 (7th Cir. 2015).

In its Second Amended Counterclaim, Western Venture alleges that it timely sought payment from Great Lakes for the hail and wind damage, and that Great Lakes refused to pay the damages in breach of the Policy. As discussed in detail above, Western Venture's allegations are not supported by the evidence in the record, namely, that it timely sought payment for the loss under the Policy. Moreover, Western Venture does not address its breach of contract claim in its legal memoranda, therefore, it has abandoned this claim. *See Citizens for Appropriate Rural Roads v. Foxx,* 815 F.3d 1068, 1078 (7th Cir. 2016); *Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007). Based on the undisputed facts, Western Venture's breach of contract claim is without merit. The Court grants Great Lakes' summary judgment motion in this respect.

## III.    ICFA Counterclaim

Last, in Count VI of the Second Amended Counterclaim, Western Venture alleges that Great Lakes violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"). The elements of a claim under ICFA, include that the defendant: (1) committed an

unfair or deceptive act or practice; (2) the defendant intended for the plaintiff to rely on the deception or unfair conduct; (3) the unfair conduct or deception happened in the course of trade or commerce; and (4) the deception or unfair conduct proximately caused the plaintiff's injury. *See Cocroft v. HSBC Bank USA, N.A.,* 796 F.3d 680, 687 (7th Cir. 2015); *Siegel v. Shell Oil Co.,* 612 F.3d 932, 934 (7th Cir. 2010). In Illinois, it is well-settled "that the Consumer Fraud Act was not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy." *Cook ex rel. Cook. v. AAA Life Ins. Co.,* 13 N.E.3d 20, 32 (1st Dist. 2014) (citation omitted).

In support of its ICFA claim, Western Venture asserts that Great Lakes failed to provide it with a complete copy of the Policy, and thus violated the ICFA because it failed to provide Western Venture with notice of the suit limitations clause. In support of its argument, Western Venture asserts that "innocent misrepresentations or material omissions intended to induce the plaintiff's reliance are actionable." *Rockford Mem'l Hosp. v. Havrilesko,* 368 Ill. App. 3d 115, 122 (2d Dist. 2006); *see also Miller v. William Chevrolet/GEO, Inc.,* 326 Ill. App. 3d 642, 655 (1st Dist. 2001). Even though Western Venture need not establish that Great Lakes intended to deceive it, at this procedural posture, Western Venture must set forth some evidence raising a genuine issue of material fact that Great Lakes intended to induce Western Venture's reliance on Great Lakes' alleged misrepresentations or omissions. *See Falls v. Silver Cross Hosp. & Med. Ctrs.*, 68 N.E.3d 890, 896 (3d Dist. 2016); *Capiccioni v. Brennan Naperville, Inc.,* 339 Ill. App. 3d 927, 933 (2d Dist. 2003).

In its legal memorandum and accompanying Rule 56.1 Statement, Western Venture does not point to any circumstantial or direct evidence in the record regarding Great Lakes' intent – in

10

any context – let alone that Great Lakes intended to induce Western Venture's reliance on its alleged failure to supply the entire Policy at issue in this lawsuit. *See D.Z. v. Buell,* 796 F.3d 749, 756 (7th Cir. 2015) (district courts not required to "scour the record looking for factual disputes" or "piece together appropriate arguments"). Also, Western Venture's argument does not square with Illinois insurance law, which "places a burden on the insured to know its needs for coverage and the contents of its insurance policies." *Garrick*, 994 N.E.2d at 994; *see also Babiarz*, 57 N.E.3d at 653 ("Even if [insureds] do not read the policy, they are deemed to know the information the policy contains."). Construing the evidence and all reasonable inferences in Western Venture's favor, the Court grants Great Lakes' summary judgment motion as to the ICFA claim.

## CONCLUSION

For the reasons set forth above, the Court grants Great Lakes' motion for summary judgment in its entirety.

**Date:** June 13, 2017

            **ENTERED**

            _____
            **AMY J. ST. EVE**
            **United States District Court Judge**